# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

December 16, 2011

Fausat Ogunbayo
P.O. Box 100532
Staten Island, NY 10310

    (*Plaintiff*)

Jennifer Rygiel-Boyd
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960

    (*Attorney for Defendant Hertz Corporation*)

    **RE:  Ogunbayo v. Hertz Corporation**
           **Civ. No. 11-4209 (WJM)**

Dear Litigants:

    This matter comes before the Court on Defendant Hertz Corporation's ("Hertz's") motion for partial dismissal of Plaintiff's Complaint,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Hertz moves to dismiss *pro se* Plaintiff Fausat Ogunbayo's claim that Hertz violated New Jersey's Law Against Discrimination (LAD),

---

[1] The Court will also address Plaintiff's July 29, 2011 Application for Entry of Default.

N.J.S.A. § 10:5-1, *et seq.*  For the reasons set forth in this Letter Opinion, Defendant's motion will be **GRANTED**.

I.      BACKGROUND

As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.[2]  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiff Fausat Ogunbayo began her employment with Defendant Hertz Corporation in March 2001.  Ms. Ogunbayo was a member of Teamster Local 641, and the terms of her employment were governed by the Collective Bargaining Agreement ("CBA") between Local 641 and Hertz.

Plaintiff's Complaint alleges that she received excellent reviews throughout the majority of her employment with Hertz, but that beginning in late 2010, her supervisors began to unfairly target her.  Specifically, on October 29, 2010, an administrative manager singled her "out of all employees and management to warn about bringing my personal bags to work [even though e]verybody take [sic] personal bags to work." (Compl. 12, ECF 1-1.)  Additionally, on December 22, 2010, when a phone began ringing, another manager "snapped" at Ms. Ogunbayo in front of a customer, demanded to know whose phone it was, and sent Ms. Ogunbayo home when she continued assisting the customer instead of responding to the question. (*Id.* at 13.)  This was not the first time that manager was disrespectful to Ms. Ogunbayo in front of customers. (*Id.*)

On December 22, 2010, Ms. Ogunbayo wrote a letter to Hertz's President and CEO, detailing these two incidents.  Plaintiff characterizes this as "reporting the discrimination, harassments and abuse" that she was subjected to at work. (*Id.* ¶ 1.)  On January 12, 2011, Ms. Ogunbayo was suspended from her position, pending an investigation into the incidents.  On March 15, 2011, Ms. Ogunbayo's employment with Hertz was formally terminated.

On May 19, 2011, Plaintiff instituted this action in New Jersey Superior Court, alleging that her termination, and the treatment she endured leading up to it, violated the CBA and the "Law against discrimination." (*Id.* at 3.)  Plaintiff seeks $10,000,000,000.00 in damages from Hertz for her unlawful termination.  Defendant removed this matter to District Court on July 21, 2011.  Plaintiff does not challenge removal.  On August 11, 2011, Hertz filed its Answer and Motion to Dismiss. (ECF Nos.

---

[2]     This timeline is gleaned from a number of letters between Plaintiff and various other Hertz employees, attached as exhibits to Plaintiff's Complaint.

5 and 6, respectively.)  Prior to Defendant's timely filing of these documents, on July 29, 2011, Plaintiff requested entry of a default judgment against Hertz.  (ECF No. 4.)

## II.     DISCUSSION

### A.     Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of the Complaint, in whole or in part, if Plaintiff fails to state a claim upon which relief can be granted.  A 12(b)(6) motion may be granted only if, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint has failed to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570).

### B.     Defendant's Motion to Dismiss Will Be Granted Because Plaintiff's Complaint Fails to Set Forth a *Prima Facie* LAD Claim

New Jersey's Law Against Discrimination affords broad protections against workplace discrimination.[3]  Nonetheless, for plaintiff to establish a *prima facie* LAD claim, she must allege that she suffered an adverse employment action because she was [1] a member of a LAD-protected group, or [2] engaged in a LAD-protected activity.  N.J.S.A. § 10:5-12 (a), (d); *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 551 (1990); *Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252, 274 (App. Div. 1996).

Plaintiff's Complaint alleges neither.  Ms. Ogunbayo does not assert that she is a member of a group protected under the LAD, much less that her on-the-job "harassment" and eventual termination occurred because she belonged to such a group.  Nor does Ms. Ogunbayo assert that she was discriminated against because she engaged in an activity protected under the LAD.  Bringing personal bags to work and refusing to answer a manager's question are not LAD-protected activities.  Similarly, Ms. Ogunbayo's mailing of a letter to Hertz's CEO complaining about these incidents, and characterizing them as "discrimination, harassments and abuse" is not protected.  *See Hood v. Pfizer, Inc*, 322

---

[3]     Specifically, employers are prohibited from discriminating against employees because of their "race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual." N.J.S.A. § 10:5-12.

Fed.Appx. 124, 131 (3d Cir. 2009) (employee's question to CEO at town-hall meeting asking "why more wasn't being done to promote [company] diversity" too general to constitute "protected conduct" under the LAD); *and Barber v. CSX Distribution Services*, 68 F.3d 694, 701-02 (3d Cir. 1995) (employee's letter to Human Resources complaining about generally unfair treatment and expressing dissatisfaction that position was awarded to someone else - but never specifically complaining about age discrimination - was not "protected conduct" under federal age discrimination statute).

In short, even viewing all the allegations in the Complaint in the light most favorable to Plaintiff, Ms. Ogunbayo still fails to set forth sufficient factual matter to state a *prima facie* claim for relief under the LAD.  Accordingly, Defendant's motion to dismiss Plaintiff's LAD claim pursuant to Fed. R. Civ. P. 12(b)(6) will be **GRANTED**.

### C. Ms. Ogunbayo's Request for Default Judgment Against Hertz is Procedurally Improper

Before Hertz timely filed its Answer on August 11, Ms. Ogunbayo applied for default judgment.  Entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  In this matter, Hertz, the lone defendant, has timely responded to Plaintiff's Complaint and is not in default.  Accordingly, Ms. Ogunbayo's request that default judgment be entered against Hertz will be **DENIED**.

### III. CONCLUSION

Based on the reasons set forth in this Letter Opinion, Hertz's motion to dismiss Plaintiff's LAD claim pursuant to Fed. R. Civ. P. 12(b)(6) will be **GRANTED**.  Plaintiff's request for a default judgment will be **DENIED**.

                                                s/ William J. Martini                    
                                                **WILLIAM J. MARTINI, U.S.D.J.**